UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN GORDON BAXTER,

    Applicant,

v.                                                CASE NO. 8:21-cv-2322-SDM-UAM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>ORDER</u>**

    Baxter applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for murder in the first degree, for which Baxter is imprisoned for life. The respondent argues (Doc. 4) that the application is time-barred. Baxter disagrees. (Docs. 1 at 14) Baxter does not assert entitlement to equitable tolling of the limitation or the actual innocence exception to the limitation.

    Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Baxter's conviction became final on December 5, 2017.* Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later on December 5, 2018. Baxter let 364 days elapse before he moved under state Rule 3.850 for post-conviction relief on December 5, 2018 (tolling the last day of the one-year limitation). (Respondent's Exhibit 5) Tolling continued until the mandate issued on August 27, 2021. (Respondent's Exhibit 10) Baxter had one day remaining (365 − 364 = 1). The limitation expired at the end of the following day on August 28, 2021, and Baxter did not file his federal application until October 1, 2021.

Baxter miscalculates the limitation for two reasons. First, the petition for the writ of habeas corpus under Rule 9.141(d), Florida Rules of Criminal Procedure, failed to toll the limitation (even though filed on August 21, 2021, before the limitation expired) because the petition was dismissed as untimely. (Respondent's Exhibits 12 and 14) Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the

---

* Baxter's direct appeal concluded on September 6, 2017. (Respondent's Exhibit 4) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

court and office in which it must be lodged, and the requisite filing fee." As a consequence, only an application timely filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."); *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*); and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."). Because Baxter's Rule 9.141 petition failed to toll the limitation, the federal limitation expired approximately a month before Baxter filed his federal petition.

Second, Baxter miscalculates the limitation by counting the ninety days to seek *certiorari* review from the issuance of the mandate instead of the appellate court's order. *Clay v. United States*, 537 U.S. 522, 527 (2003), explains:

> For the purpose of seeking review by this Court, . . . '[t]he time to file a petition for a writ of *certiorari* runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . . .' This Court's Rule 13(3).

Baxter's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Baxter and **CLOSE** this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Baxter is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Baxter must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Baxter is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Baxter must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 30, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE